COMMONWEALTH *vs.* THOMAS A. FARRAND.

An indictment on *St.* 1855, *c.* 405, for keeping and maintaining a common nuisance, to wit, a building used for the illegal sale and illegal keeping of intoxicating liquors, is supported by evidence of unlawful sales of intoxicating liquors by the defendant therein.

INDICTMENT on *St.* 1855, *c.* 405, for keeping and maintaining a building and tenement used for the illegal sale and illegal keeping of intoxicating liquors. At the trial in the municipal court of Boston, before *Huntington*, J., the defendant requested the court to instruct the jury that evidence of illegal sales of intoxicating liquor was not sufficient of itself to make the building and tenement common nuisances, within the meaning of the statute, although such evidence would be sufficient to convict the defendant on an indictment charging him with being a common seller of intoxicating liquors. But the judge refused and instructed the jury " that the statute described what constituted a nuisance; and that, after the court had instructed them what constituted the offence, if the jury found, from the sales proved, that the defendant kept and maintained a building and tenement, used for the illegal sale and keeping of intoxicating liquor, that would be evidence upon which the jury might find the defendant guilty of a nuisance within the meaning of the statute, without proving other acts, not required by the statute, and which might be necessary to be proved to constitute a common nuisance at common law." The defendant, being convicted, alleged exceptions, which were argued before the decision of the next preceding case of *Commonwealth* v. *Kelly, ante,* 175.

*F. F. Heard,* for the defendant. All the facts and incidents which constitute a common nuisance at common law, must be fully and distinctly averred in an indictment on this statute, and must be so proved. Archb. Crim. Pl. (13th ed.) 746. *The King* v. *Gregory,* 5 B. & Ad. 555. *The Queen* v. *Betts,* 16 Ad. & El. N. R. 1022, and 4 Cox C. C. 211. And see *The Queen* v. *Charlesworth,* 16 Ad. & El. N. R. 1012, 5 Cox C. C. 174, and 4 New Sess. Cas. 703.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J.    All the facts, which are necessary to constitute the offence for which a person is indicted, must be alleged in the indictment, and must be proved on the trial; otherwise, he cannot be legally convicted.    No facts, that are not necessary to constitute the offence, need be alleged or proved, in order to support the indictment.    Hence, as it has been decided, in *Commonwealth* v. *Kelly, ante,* 175, that an indictment on *St.* 1855, *c.* 405, need not allege any other fact besides the keeping or maintaining of a building, place or tenement, used for the illegal sale or illegal keeping of intoxicating liquors, it follows that, in the trial of such an indictment, no other fact need be proved, in order to warrant a conviction by verdict and by judgment.                                        *Exceptions overruled.*